## LONG POINT ROAD.

In proceedings respecting roads a common interest as a citizen will not give a right of review; there must be a special interest, as the owner or holder of lands affected by the road.
The return will not be conclusive as to the land owners.

IN the matter of a return of a public road from Long Point, in Kent county, to Duck creek.

The order was made in this case on the petition of John R. Brick and others, to lay out a road from Long Point, across lands of Elizabeth Morris and Rebecca Corse, *or* across lands of Isaac Short, to Duck creek, as the commissioners might judge best. The commissioners returned a road across land of Elizabeth Morris and Rebecca Corse, to which Isaac Short filed the following exceptions, viz:

1. That the road was laid across land to which he claimed title.

2. That it was laid across land which was in dispute between him and Eliza Morris and R. Corse.

3. That one of the commissioners was not a freeholder.

*Mr. Bates,* for the exceptant, moved to quash the return on the latter ground; and asked a review on the other grounds.

*Comegys* and *Smithers,* contra, insisted that Mr. Short could not ask a review, as he did not appear by the return to have any interest in the matter; that the return did not touch any property of his; if it did, it gave no right to a road over it, and he had his remedy by action of trespass; that the title could not be tried in this proceeding; and that as to the last ground, it was untrue in fact, and insufficient in law, as the amended constitution had repealed the freehold qualification of road commissioners.

*Mr. Bates* replied that the exceptant had a right to the review as a party "interested in or affected by" the road; either on the ground of his alledged title to the land, or from the fact that the new road would materially affect his business as a tavern keeper and wharf owner, by diverting travel to another point on Duck creek.

*The Court.*—The construction usually given to the act of assembly, in reference to the interests of a person in a new road, has been, that it must be confined to an interest in the land through which the road runs or which it touches. A remote interest, such as that of the occupant or owner of a tavern, that might be affected by the new road, is not such an interest as is contemplated. It may be otherwise in the case of vacating or changing an old road. But in case of a new road, in regard to the persons returned as having an interest, it might operate unjustly to confine the parties to the finding of the return; and if a party not named in the return will make an affidavit and support it by competent evidence, that he is the owner or possessor of any part of the land through or along which the road runs, he will be entitled to a review.